UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ROBERT E. REED | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-43 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

MEMORANDUM OPINION

The plaintiff Robert E. Reed has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny his application for disability insurance benefits under the Social Security Act. The defendant also has filed a motion for summary judgment.

Mr. Reed was born in 1946 and was 56 years old at the time of his administrative hearing. [Tr. 318]. He completed two years of college and has relevant past work experience as an insurance agent. [Tr. 18, 318]. Mr. Reed alleges he is disabled as of December 30, 1995, from problems with high blood pressure, dizziness, hearing loss, tinnitus, temporomandibular joint pain, and vertigo. [Tr. 18]. The Administrative Law Judge [ALJ] found that the claimant suffered from severe impairment but not severe enough to meet or equal one of the

listed impairments, that he retained the residual functional capacity [RFC] to perform medium exertion, and that he was not under a disability as defined in the Social Security Act. [Tr. 22-23].

At Mr. Reed's administrative hearing held on October 15, 2002, the testimony of Mr. Reed and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 318-31]. Mr. Reed testified that he worked as an insurance agent for 25 years. [Tr. 318]. He believes he is unable to continue that line of work because of a loss of memory, confusion, loss of hearing in his left ear, tinnitus in his left ear, and extreme intermittent dizziness. [Tr. 319, 321]. Mr. Reed is able to drive on occasion, mow the grass, and perform light housework. [Tr. 321, 324-25]. He testified that he has "had depression for a long time" but refuses to talk about it. [Tr. 325].

Dr. Hankins testified that Mr. Reed's past relevant work as an insurance agent was skilled, light exertion. [Tr. 329]. The ALJ then asked Dr. Hankins to assume a man of Mr. Reed's height, weight, education, and work background who was restricted to medium work and had partial hearing loss in his left ear. [Tr. 329]. The man must also avoid hazardous work around dangerous machinery and unprotected heights because of episodic dizziness and vertigo. [*Id.*]. The vocational expert testified such a person could work as an office cleaner, janitor,

hand packer, and production assembler. [Tr. 329-30].

The ALJ ruled that Mr. Reed was not disabled because his severe impairments of hypertension, vertigo, and partial hearing loss were not severe enough for a finding of disability. [Tr. 21]. The ALJ then found Mr. Reed retained the RFC to perform "medium exertion not involving hazardous work around dangerous machinery with partial hearing loss." [Tr. 21]. With those limitations, Mr. Reed could return to his past relevant work as an insurance agent. [Tr. 22]. The ALJ also found that if Mr. Reed could not return to his past relevant work, he could still work as an office cleaner, janitor, dishwasher, hand packer, and assembler. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v.*

*Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Mr. Reed met the nondisability requirements of § 216(i) of the Social Security Act and is, therefore, insured for disability benefits through March 31, 1999. [Tr. 18] He must show he was disabled prior to or on March 31, 1999. [*Id.*].

    Mr. Reed requests summary judgment and argues that the ALJ's RFC determination was not supported by substantial evidence. The ALJ determined Mr. Reed retained the RFC "to perform medium exertion not involving hazardous work around dangerous machinery and with partial hearing loss." [Tr. 21]. Pursuant to 20 C.F.R. § 404.1567(c), medium exertional work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." In March 2002, Dr. Reeta Misra determined Mr. Reed could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and sit/stand/walk for six hours out of an eight-hour workday. [Tr. 254]. Mr. Reed could also frequently climb, balance, stoop, kneel, crouch, and crawl. [Tr. 255]. In August 2002, Mr. Reed's treating physician completed a Medical Assessment of Ability to do Work-Related Activities (Physical) on Mr. Reed's behalf. [Tr. 270-72]. Dr. Robbins indicated restrictions on Mr. Reed's ability to lift/carry and sit/stand/walk were "not pertainent" [*sic*] [Tr. 270-71]. Dr. Jeffrey Robbins then wrote:

> This man has <u>episodic vertigo</u> (Meniere's Syndrome). These episodes are totally unpredictable. When he has them he can perform no duties

4

or activities. When free of vertigo, he can do what his other medical conditions permit. As they are sudden and unpredictable he cannot be about hazardous machinery, in a dangerous environment & [he] must avoid situations that can precipitate an attack, i.e., hot wether [sic], stress, anxiety, pollutants[,] etc. Desk work would be permissable [sic] [Tr. 272]. [emphasis in original]

To craft his RFC finding, the ALJ combined the physical restrictions of Dr. Misra with the environmental restrictions of Dr. Robbins. There is no evidence in the medical record to contradict in Mr. Reed's favor the portions of each doctor's restrictions that were adopted by the ALJ. Therefore, the ALJ's decision concerning Mr. Reed's RFC was made with substantial evidence.

Mr. Reed also contends the ALJ's finding that he could return to his past relevant work was not supported by substantial evidence because the ALJ did not adhere to *Social Security Regulation* 82-62 [*SSR* 82-62]. Pursuant to that Regulation, when an ALJ finds a claimant can return to his past relevant work, specific findings of fact must be made. First, the ALJ must make a finding of fact concerning the claimant's RFC. Second, the ALJ must make a finding of fact concerning the physical and mental demands of the past work. Finally, the ALJ must make a finding of fact that the claimant's RFC would allow him to return to the past work.

The ALJ complied with the first step. He made a finding of fact that Mr. Reed retained the RFC "to perform medium exertion not involving hazardous work

around dangerous machinery and with partial hearing loss." [Tr. 21, 23]. The ALJ did not make a specific finding of fact concerning the physical and mental demands of Mr. Reed's past work as an insurance agent. However, this court finds this error to be harmless as the vocational expert clearly testified that Mr. Reed's prior work was physically light and mentally skilled. [Tr. 329]. Lastly, the ALJ made a finding of fact that Mr. Reed's past work as an insurance agent "did not require the performance of work-related activities precluded by his" RFC. [Tr. 23]. This court finds that the ALJ complied with the requirements of *SSR* 82-62.

After careful consideration of the entire record of proceedings related to this case, Mr. Reed's motion for summary judgment will be denied, the defendant's motion for summary judgment [Doc. 9] will be granted, and this action will be dismissed.

An appropriate order will follow.


ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE